IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK HAMILTON BANKS                                              PETITIONER

VERSUS                                        CIVIL ACTION NO. 5:07cv34-DCB-MTP

CONSTANCE REESE, Warden F.C.I.                                        RESPONDENT

### MEMORANDUM OPINION

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner, Banks, an inmate incarcerated at the Federal Correctional Institute, Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on February 22, 2007.

### Background

Petitioner was convicted in the United States District Court for the Western District of Pennsylvania. The petitioner states that a § 2255 motion is "inadequate and ineffective to contest Bank's allegations that BOP officials at Butner, NC violated his First Amendment rights." (Pet. p.2).

Petitioner states in his petition that while incarcerated at Butner, North Carolina, he was housed in the Special Housing Unit (SHU) for a period of six weeks as a result of a prison official reading a poem he had written relating to his religious beliefs. The plaintiff states that he "was never charged with any infraction or given notice of the reason he was in the SHU except that . . . it was because of his poem." (Pet. p. 4). The petitioner further states that the conditions he experienced at Butner were a result of his religious beliefs. He was then transferred to the Federal Correctional Institute - Yazoo City where he is presently housed.

Petitioner presents as his ground upon which he is requesting habeas relief the following: "Under pain of racial and religious discrimination Banks was lodged into the SHU and

transferred because he exercised as a poet/author his First Amendment Rights of freedom of speech." (Pet. p.4). As relief, the petitioner is requesting to be immediately released from custody or be transferred him back to the facility at Butner, North Carolina.

## Analysis

Initially, there must be a determination whether the instant § 2241 habeas is properly before this court. Clearly, a petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). However, "habeas is not available to review questions unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976). The Fifth Circuit in Pierre went on to say that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." Id. at 935-36.

Having reviewed the record, this court finds that the ground presented by the petitioner relating to his confinement in SHU because of alleged racial and religious discrimination while incarcerated at Butner, North Carolina, challenges the conditions of his confinement, *i.e.,* where he is housed to serve his sentence. The issue presently before this court has nothing to do with a claim of early release from his incarceration with the Bureau of Prisons. Therefore, the petitioner cannot maintain this habeas petition filed pursuant to 28 U.S.C. § 2241. Moreover, the United States Court of Appeals for the Fifth Circuit in addressing habeas petitions filed by federal inmates requesting injunctive relief, such as relief sought by the petitioner, regarding the conditions of their confinement has consistently stated that habeas review is not an available remedy in this situation. See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.1993); Hernadez v. Garrison, 916 F.2d 291, 292-03 (5th Cir.1990).

Conclusion

As stated above, the petitioner cannot proceed with this petition for habeas corpus relief on grounds which attack the conditions of his confinement. The remedy pursuant to a § 2241 writ of habeas corpus is not the proper forum to assert these allegations. Therefore, the instant petition is denied and dismissed without prejudice so that the petitioner may present his conditions of confinement claims in the proper manner.

SO ORDERED this the __3rd__ day of May, 2007.

>	s/ David Bramlette
> UNITED STATES DISTRICT JUDGE