IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK HAMILTON BANKS                                          PETITIONER

VERSUS                                          CIVIL ACTION NO. 5:07cv34-DCB-MTP

CONSTANCE REESE                                                    RESPONDENT

## ORDER DENYING PETITIONER'S MOTION TO RECONSIDER

BEFORE THE COURT is the Petitioner's Motion for Reconsideration [12] filed May 14, 2007.[1] Petitioner moves the Court to reconsider the final judgment [11] of dismissal entered on May 4, 2007. Having considered the issues raised in the motion, the Court finds that the motion is not well-taken and should be denied.

The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE, a district court should consider the following non-inclusive factors: (1) the reasons for the Petitioners' default; (2) the importance of the evidence to the Petitioners' case; (3) whether the evidence was available to the Petitioners before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. Sturges v. Moore, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon LeTorneau Co., 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed

---

[1] Since this motion was filed within 10 days of the entry of the final judgment, this Court construes the motion as being filed pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE.

that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

After consideration of the above listed factors and relevant case law, the Court finds that the Petitioner's motion for reconsideration should be denied.  Petitioner has failed to offer any evidence or arguments that were not initially available to him at the time his habeas petition was filed.  Petitioner's motion merely expresses disagreement with the ruling of the Court.  The Court has thoroughly reviewed the instant motion as well as the Petitioner's petition and this Court has determined that the correct legal finding was issued in this cause.  Moreover, the Petitioner has failed to meet the requisite legal standard for the Court to grant a motion to reconsider.[2]

IT IS HEREBY ORDERED that the Petitioner's Motion to Reconsider [12] the Final Judgment should be and is hereby **DENIED.**

SO ORDERED, this the   22nd   day of May, 2007.

    s/ David Bramlette
UNITED STATES DISTRICT JUDGE

---

[2] In an effort to be exhaustive, the Court has also considered the Petitioner's motion under Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE and determined that the motion should likewise be denied.  See Texas A&M Research Found. v. Magna Transportation Inc., 338 F.3d 394, 400 (5th Cir. 2003).