IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS                                                                        PETITIONER

VERSUS                                                         CIVIL ACTION NO. 5:07cv34-DCB-MTP

CONSTANCE REESE                                                                        RESPONDENT

## ORDER

This matter is before the court on the petitioner's motion entitled "Motion to Terminate Judgment Pursuant to Fed. R. Civ. Proc. 60(b)" [20] filed January 30, 2008.  The petitioner also includes a request that Bruce Pearson be substituted as the respondent in the instant motion [20].

According to a review of the docket entries, this civil action was dismissed by a Final Judgment [11] on May 4, 2007.  The petitioner filed a motion to reconsider [12] as well as a notice of appeal [13] on May 14, 2007.  On May 22, 2007, this court entered an order [16] denying his motion to reconsider.  His appeal to the United States Court of Appeals for the Fifth Circuit in Banks v. Reese, No. 07-60410 (5th Cir. 2007) was dismissed for want of prosecution on October 8, 2007.

A party seeking relief under Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE must show:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud, . . . misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied . . .;  or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b).  This court finds that the petitioner's argument that he may challenge the conditions of his confinement in a habeas petition

is wrong.  Furthermore, the petitioner's claim that his argument is supported by the decision of the United States Supreme Court in <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973) is completely misplaced.  The Supreme Court in <u>Preiser</u> held that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973).  This court's findings in the Memorandum Opinion [10] that the petitioner is placing into issue the conditions of his confinement, not the duration of his incarceration, and therefore, habeas is not an appropriate remedy is the correct finding in the instant civil action.  Accordingly, it is

ORDERED AND ADJUDGED:

1. That the petitioner's "Motion to Terminate Judgment Pursuant to Fed. R. Civ. Proc. 60(b)" [20] filed January 30, 2008, is **denied**.

2. That the petitioner's request to substitute Bruce Pearson as the respondent instead of Constance Reese is granted and the Clerk is directed to make the correction in the docket of this court.

This the   18th   day of February, 2008.

                                                   s/ David Bramlette
                                       UNITED STATES DISTRICT JUDGE